IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD ZAPATA<br>2421 Cherokee St.<br>Adelphi, MD 20783<br><br>on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>         v.<br><br>B. COLEMAN FLOORING INSTALLATION, LLC<br>125 Harry S. Truman Drive<br>Largo, MD 20774<br><br>   SERVE: Resident Agent<br>   Dewayne D. Johnson<br>   2309 Virginia Avenue<br>   Landover, MD 20785<br><br>and<br><br>LAKOTA CONTRACTING, INC., t/a<br>      NCF INTERIORS,<br>1220 12th Street, SE, Suite G-25<br>Washington, DC 20003<br><br>   SERVE: Resident Agent<br>   CT Corporation System<br>   1015 15th Street, NW, Suite 1000<br>   Washington, DC 20005<br><br>and<br><br>CLARK CONSTRUCTION GROUP, LLC<br>7500 Old Georgetown Road<br>Bethesda, MD 20814<br><br>   SERVE: Resident Agent<br>   CT Corporation System<br>   1015 15th Street, NW, Suite 1000<br>   Washington, DC 20005<br><br>      Defendants. | CIVIL ACTION<br><br>NO. _____ |

# COMPLAINT – COLLECTIVE ACTION

Plaintiff Ronald Zapata ("Plaintiff"), on behalf of himself and similarly situated employees, brings this collective action lawsuit against Defendants B. Coleman Flooring Installation, LLC, Lakota Contracting, Inc., t/a NCF Interiors, and Clark Construction Group, LLC (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the District of Columbia Minimum Wage Revision Act ("DCMWRA"), D.C. Code §§ 32-1001, *et seq.*, and the District of Columbia Wage Payment and Wage Collection Law ("DCWPCL"), D.C. Code §§ 32-1301, *et seq.* Plaintiff desires to pursue his FLSA, DCMWRA, and DCWPCL claims on behalf of any individual who opts-in to this action pursuant to 29 U.S.C. § 216(b).[1] The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the DCMWRA and DCWPCL claims is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Adelphi, Maryland.

5. Defendant B. Coleman Flooring Installation, LLC ("B. Coleman") is a corporate entity

---

[1] Plaintiff does ***not*** pursue his DCMWRA or DCWPCL claims as an opt-out class action pursuant to Federal Rule of Civil Procedure 23. However, individuals who affirmatively opt-in to this lawsuit pursuant to 29 U.S.C. § 216(b) are permitted to pursue the DCMWRA and DCWPCL claims alleged by Plaintiff. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 580 (6th Cir. 2008).

2

located in Largo, Maryland.

6. Defendant Lakota Contracting, Inc. t/a NCF Interiors ("NCFi") is a corporate entity headquartered in Washington, D.C.

7. Defendant Clark Construction Group, LLC ("Clark Construction") is a corporate entity headquartered in Bethesda, Maryland.

## FACTS

8. From approximately 2014 until approximately 2017, Clark Construction was the general contractor for a "$457 million mega mixed-use" real estate development located on the Southwest Waterfront in Washington, D.C. called "The Wharf."

9. NCFi is an "interior finish & flooring contractor" that was hired by Clark Construction as a subcontractor to perform interior finish and flooring work at The Wharf.

10. In turn, NCFi hired B. Coleman as a lower-tier subcontractor to, *inter alia*, install tile flooring at The Wharf. Upon contracting with B. Coleman, NCFi became an intermediate subcontractor of B. Coleman and Clark Construction.

11. From approximately April 11, 2017 until approximately through the week of September 23, 2017, Plaintiff was employed by B. Coleman as a tile installer at The Wharf.

12. During this period Plaintiff Zapata recalls working approximately 54 hours each workweek for B. Coleman.

13. As a tile installer, Plaintiff had a verbal agreement to be paid $30.00 per hour for his work at The Wharf and was not exempt from the mandates of the FLSA and/or DCMWA.

14. From approximately April 11, 2017 until approximately July 28, 2017, Plaintiff was paid his hourly wage of $30.00 per hour for each hour worked.

15. However, B. Coleman did not pay Plaintiff overtime premium pay equal to one and one-half times his regular rate of pay when Plaintiff worked over 40 hours in a workweek during this period. Instead, Plaintiff was just paid his straight hourly rate of $30.00.

16. Beginning around approximately July 31, 2017 until approximately September 21, 2017, Plaintiff did not receive any compensation for his work at The Wharf even though he continued to work approximately 54 hours a week for B. Coleman.

17. In addition to Plaintiff, B. Coleman employed approximately fifteen to twenty other non-exempt tile installers and helpers during various times between April 2017 and October 2017 at The Wharf.

18. Like Plaintiff, the other tile installers and helpers who worked for B. Coleman at The Wharf between April 2017 and late July 2017 were regularly required to work over 40 hours in a week but did not receive overtime premium compensation for these hours.

19. Similarly, tile installers and helpers who worked for B. Coleman between late July 2017 and October 2017 did not receive any compensation for their hours worked like Plaintiff.

20. As a result of these practices, B. Coleman failed to compensate Plaintiff and other tile installers and helpers at The Wharf for all work hours, and when warranted, the legally mandated overtime premium for hours worked over 40 in a workweek.

21. In failing to properly compensate Plaintiff and other tile installers and helpers at the Wharf, Defendants have acted willfully and with reckless disregard of clearly applicable provisions of federal and District of Columbia law.

**COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all individuals who worked for B. Coleman performing tile installation or

related work at The Wharf between April 1, 2017 and October 31, 2017.

23. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

24. Plaintiff desires to pursue his FLSA, DCMWRA, and DCWPCL claims on behalf of any individual who opts-in to this collective action pursuant to 29 U.S.C. § 216(b).  *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 580 (6th Cir. 2008).

**COUNT I**
**(Alleging FLSA Violations)**

25. All previous paragraphs are incorporated as though fully set forth herein.

26. Plaintiff and the collective are employees entitled to the FLSA's protections.

27. B. Coleman is an employer covered by the FLSA.

28. Employees are entitled to minimum hourly compensation of $7.25 under the FLSA.  *See* 29 U.S.C. § 207.

29. The FLSA entitles employees to compensation for every hour worked in a workweek.  *See* 29 U.S.C. § 207(a)(1).

30. The FLSA entitles employees to overtime premium compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek.  *See* 29 U.S.C. § 207(a)(1).

31. B. Coleman violated the FLSA by failing to pay Plaintiff and the collective the legally mandated minimum wage and overtime premium compensation.

32. In violating the FLSA, B. Coleman acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the DCMWRA)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Plaintiff and the collective are employees entitled to the DCMWRA's protections.

35. Defendants are employers covered by the DCMWRA.

36. Under the DCMWRA employees were entitled to a minimum hourly wage of $11.50 prior to July 1, 2017, and $12.50 after July 1, 2017.  *See* D.C. Code § 32-1003(a).

37. The DCMWRA entitles employees to compensation for every hour worked in a workweek.  *See* D.C. Code § 32-1003(a).

38. The DCMWRA entitles employees to overtime premium compensation "at a rate not less than 1 1/2 times the regular rate at which the employee is employed" for all hours worked in excess of forty in a single week.  *See* D.C. Code § 32-1003(c).

39. The DCMWRA states that a "subcontractor, including any intermediate subcontractor, and the general contractor shall be ***jointly and severally liable*** to the subcontractor's employees for the subcontractor's violations of [the DCMWRA]."  *See* D.C. Code § 32-1012(c) (emphasis supplied).

40. Defendants violated the DCMWRA by failing to compensate Plaintiff and the collective with the legally mandated minimum wage and overtime premium compensation.

41. In violating the DCMWRA, Defendants acted willfully with reckless disregard of clearly applicable DCMWRA provisions.

## COUNT III
### (Alleging Violations of the DCWPCL)

42. All previous paragraphs are incorporated as though fully set forth herein.

43. Plaintiff and the collective are employees entitled to the DCWPCL's protections

44. Defendants are employers covered by the DCWPCL.

45. "Wages" pursuant to DCWPCL "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other renumeration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law." *See* DC Code § 32-1301(3).

46. The DCWPCL requires that employers pay "all wages earned to his or her employees on regular paydays designated in advance by the employer and at least twice during each calendar month." *See* DC Code § 32-1302.

47. The DCWPCL states that a "subcontractor, including any intermediate subcontractor, and the general contractor shall be ***jointly and severally liable*** to the subcontractor's employees for the subcontractor's violations of [the DCWPCL]." *See* DC Code § 32-1303(5) (emphasis supplied).

48. Plaintiff and other members of the collective performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff and other members of the collective all wages earned and required by the DCWPCL.

49. Defendants owe Plaintiff and other members of the collective wages for work duties performed as set forth above.

50. Defendants' failure to pay Plaintiff and other members of the collective wages as set forth above constitutes a violation of their right to receive wages as guaranteed by the DCWPCL.

51. In violating the DCWPCL, Defendants acted willfully with reckless disregard of clearly applicable DCWPCL provisions, and are liable to Plaintiffs and any collective members

under the DCWPL, §32-1308, for their unpaid wages, liquidated (treble) damages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other relief this Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the collective, seeks the following relief:

A. An order permitting this action to proceed as a collective action;

B. Unpaid wages and prejudgment interest to the fullest extent permitted under federal and District of Columbia law;

C. Liquidated damages to the fullest extent permitted under federal and District of Columbia law;

D. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and District of Columbia law; and

E. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: May 11, 2018
　　　　　　　　　　　　　　　　　　　　　　/s/ Brian J. Markovitz
　　　　　　　　　　　　　　　　　　　　　Brian J. Markovitz, Esq.
　　　　　　　　　　　　　　　　　　　　　JOSEPH, GREENWALD & LAAKE, P.A.
　　　　　　　　　　　　　　　　　　　　　6404 Ivy Lane
　　　　　　　　　　　　　　　　　　　　　Suite 400
　　　　　　　　　　　　　　　　　　　　　Greenbelt, MD 20770
　　　　　　　　　　　　　　　　　　　　　Phone: (301) 220-2200
　　　　　　　　　　　　　　　　　　　　　bmarkovitz@jgllaw.com

　　　　　　　　　　　　　　　　　　　　　R. Andrew Santillo, Esq.
　　　　　　　　　　　　　　　　　　　　　(*pro hac vice* admission anticipated)
　　　　　　　　　　　　　　　　　　　　　WINEBRAKE & SANTILLO, LLC

Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491
asantillo@winebrakelaw.com

*Counsel for Plaintiff*