UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD ZAPATA, on behalf of himself
and others similarly situated,

    *Plaintiff*,

v.

B. COLEMAN FLOORING
INSTALLATION, LLC *et al.*,

    *Defendants*.

Civil Action No. 18-1134 (TJK)

## ORDER

Plaintiff filed the instant action to recover wages that Defendant B. Coleman Flooring Installation, LLC allegedly failed to pay. Plaintiff asserts three claims. The first claim alleges violations of the Fair Labor Standards Act against B. Coleman. The two remaining claims allege violations of District of Columbia laws against all three defendants, including B. Coleman, Lakota Contracting, Inc., and Clark Construction Group, LLC. Plaintiff does not allege that the latter two defendants themselves acted unlawfully. Rather, the sole basis for their purported liability is District of Columbia law that makes a contractor jointly and severally liable when their sub-contractor fails to pay wages. Clark allegedly contracted with Lakota to install flooring; Lakota, in turn, allegedly contracted with B. Coleman to install tiling. Therefore, Plaintiff argues, Clark and Lakota are jointly and severally liable for B. Coleman's alleged wrongdoing.

Unlike Clark and Lakota, however, B. Coleman has not responded to this lawsuit. It has failed to enter an appearance in the year and a half since this case was filed, and the Clerk's Office entered default against it in August 2018, ECF No. 30. Plaintiff has now moved for an entry of default judgment against it on all three counts. ECF No. 70; *see also* ECF No. 77 at 2

n.2 (withdrawing motion as to Lakota).  Clark contests an entry of default judgment on the two counts in which it is named.  It argues that a default judgment against B. Coleman "would subject Clark to automatic liability and deprive it of its ability to defend itself, and is clearly at odds with settled law."  ECF No. 73 at 5.  To support its position, Clark cites *Frow v. De La Vega*, 82 U.S. 552 (1872), and cases interpreting it.  *Id.* at 4–7.  For its part, Lakota appears to contest default judgment on all counts, but focuses its arguments on its earlier delay obtaining new counsel.  *See* ECF No. 75.

*             *             *

A party may move for default judgment after the Clerk's Office has entered a party's default.  Fed. R. Civ. P. 55.  "The determination of whether a default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Roger Burns Painting LLC*, 783 F. Supp. 2d 144, 145 (D.D.C. 2011).  "Courts strongly favor resolution of disputes on their merits, but default judgment is available 'when the adversary process has been halted because of an essentially unresponsive party.'"  *Blau v. Nowicki*, 736 F. Supp. 2d 165, 167 (D.D.C. 2010) (quoting *Jackson v. Beech*, 636 F.2d 831, 835–36 (D.C. Cir. 1980)).

While the Court questions whether default judgment would truly run afoul of "settled law," *see, e.g.*, *Whelan v. Abell*, 953 F.2d 663, 674–75 (D.C. Cir. 1992), it nevertheless finds that entering default judgment is not appropriate at this time.  As discussed above, Clark and Lakota's purported liability exclusively flows from B. Coleman's allegedly unlawful activity.  Thus, entering default judgment only as to B. Coleman—which would establish its liability—could indirectly establish liability as to the two non-defaulting defendants.  Unlike B. Coleman, these two defendants are actively contesting liability.  Additionally, B. Coleman's

2

unresponsiveness has not halted the proceedings such that Plaintiff is "faced with interminable delay." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson*, 636 F.2d at 836). Even if entering default judgment were permissible, these circumstances strongly counsel against doing so now.

* * *

For the above reasons, it is hereby **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 70, is **STAYED** pending further order of the Court. It is **FURTHER ORDERED** that, within 14 days of this Order, the parties shall meet, confer, and submit to the Court a revised joint report pursuant to FRCP 26(f) and Local Rule 16.3. It is **FURTHER ORDERED** that the parties shall appear for a status conference on January 21, 2020, at 10:00 a.m. in Courtroom 11, to discuss the report.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 5, 2019